IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**UNITED STATES OF AMERICA**,

    Plaintiff,

    v.

**STEVEN EDWARD MILLER**,

    Defendant.

CR 07-430-MO
CV 10-70024-MO

OPINION AND ORDER

**MOSMAN, J.**,

## INTRODUCTION

Steven Edward Miller filed a Motion to Vacate or Correct Sentence under 28 U.S.C. § 2255 (#64) and a Motion to Appoint Counsel (#70). For the reasons discussed below, I deny Mr. Miller's Motion to Vacate. As a result, I also deny Mr. Miller's Motion to Appoint Counsel.

## BACKGROUND

On December 9, 2008, Mr. Miller pled guilty to Counts 1 and 7 of a multiple count indictment, which charged him with Mail Fraud and Engaging in Monetary Transactions With

Criminally Derived Property. (Plea Entry (#26).) In the plea petition, Mr. Miller admitted that he devised a scheme to defraud Cisco Systems, Inc., by obtaining their property through false pretenses on the dates alleged in the indictment in violation of 18 U.S.C. § 1341. (Plea Petition (#27) 7.) Mr. Miller further admitted that he engaged in monetary transactions involving criminally derived property in violation of 18 U.S.C. § 1957. (*Id*.) Mr. Miller faced no mandatory minimum sentence and a maximum sentence of up to thirty years imprisonment, potential fines, and a $100 fee assessment. (*Id*. at 4.)

Mr. Miller was sentenced on Counts 1 and 7 on April 8, 2009. (Sentencing Hearing (#40).) At sentencing, the parties disputed the methodology for determining the amount of loss involved in the scheme, and disagreed over whether Mr. Miller was entitled to two of three levels for acceptance of responsibility. Both parties urged the Court to determine the loss figure by reference to the fair market value of the Cisco products that Mr. Miller obtained, but disagreed on which market was appropriate. Whereas Mr. Miller argued that the "gray" market was appropriate, the government argued that the methodology used by Cisco, which took into consideration the historical prices of the products, relevant reductions for refurbished goods, and credits for products that were returned, was more appropriate.

After listening to these arguments, I adopted the presentencing report without any changes and imposed a 78-month sentence on both counts, to be served concurrently, and a three-year term of supervised release subject to conditions. Mr. Miller was also ordered to pay $3,713,107 in restitution. The remaining counts of the indictment against Mr. Miller were subsequently dismissed.

Mr. Miller appealed his sentence, which the Ninth Circuit affirmed. *United States v. Miller*, 367 Fed. Appx. 807 (2010). Mr. Miller raised three issues on appeal, and the Ninth Circuit held that: (1) the method for calculating loss was appropriate because it took into consideration the market in which the victim participated; (2) not assigning an additional 1-level downward adjustment for acceptance of responsibility was neither arbitrary nor unconstitutional; and (3) the basis for Mr. Miller's sentence was both adequately explained and reasonable under the circumstances. *Id.* at 808–09. Mr. Miller's request for rehearing was denied and his petition for certiorari was denied by the United States Supreme Court. *United States v. Miller*, 131 S.Ct. 429 (2010). On October 27, 2010, Mr. Miller filed this motion vacate pursuant to § 2255.

## DISCUSSION

Mr. Miller's motion alleges that his counsel rendered ineffective assistance with respect to: (1) the method of calculating loss; (2) the calculation of defendant's criminal history; and (3) providing privileged information to the Court and presentencing group at the U.S. Probation Office that was subsequently leaked to the Bureau of Prisons.

The Ninth Circuit has recognized that a claim of ineffective assistance of counsel may be raised in a § 2255 motion where a defendant has not expressly waived the right to argue ineffective assistance of counsel in a § 2255 motion. *United States v. Nunez*, 223 F.3d 956 (9th Cir. 2000). There has been no express waiver in this case. To prevail on a claim of ineffective assistance of counsel, Mr. Miller must satisfy a two prong test, demonstrating: (1) deficient performance, such that his attorney's actions were outside the wide range of professionally competent assistance, and (2) that Mr. Miller was prejudiced by reason of his attorney's actions. *Strickland v. Washington*, 466 U.S. 668, 686–90 (1984); *Correll v. Stewart*, 137 F.3d 1404, 1411

(9th Cir.1998). "Failure to satisfy either prong of the *Strickland test obviates the need to consider the other." Rios v. Rocha*, 299 F.3d 796, 805 (9th Cir. 2002).

Mr. Miller's claim of ineffective assistance of counsel is without merit. Mr. Miller does not argue that his attorney's performance was so deficient as to violate the standards of professional conduct, and it cannot be shown that he was prejudiced by reason his attorney's actions. As the government properly recalls, at both the sentencing hearing and on appeal, Mr. Miller's attorney repeatedly objected to the government's loss calculation methodology and proffered an alternative method. Both courts, however, declined to adopt Mr. Miller's methodology because the law required otherwise. Mr. Miller's attorney cannot be blamed.

The same holds true for Mr. Miller's second allegation, that his attorney rendered ineffective assistance with respect to the calculation of his criminal history. Mr. Miller claims that his attorney failed to argue that his reported criminal history is based on either an alleged identity theft or a court-system error. The decision of Mr. Miller's attorney to forgo making such arguments is well within the bounds of her professional discretion. As a result, Mr. Miller has failed to demonstrate that his attorney's actions were outside the wide range of professionally competent assistance.

Finally, Mr. Miller contends that his attorney rendered ineffective assistance by providing privileged information to the court that was subsequently leaked to the Bureau of Prisons. Because this claim merely alleges bias on the part of the Bureau of Prisons, which is not a cognizable claim under a § 2255 motion, it is without merit. (Mot. Vacate (#64) 7) ("Attorney advised it had no harm but the BOP's record (ISDS) certainly held it against me."); *see United States v. Berry*, 624 F.3d 1031, 1038 (9th Cir. 2010) (discussing the scope of § 2255 motions).

4

**ORDER**

Mr. Miller's Motion to Vacate or Correct Sentence (#64) under 28 U.S.C. § 2255 is DENIED. Further, because Mr. Miller's motion under § 2255 is neither complex nor merited, his Motion to Appoint Counsel (#70) is also DENIED.

IT IS SO ORDERED.

DATED this  11th  day of February, 2011.

/s/ Michael W. Mosman
MICHAEL W. MOSMAN
United States District Court